IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN MARATHON COUNTY
CHILD SUPPORT AGENCY,

                            Plaintiff,                      OPINION and ORDER

   v.

                                                                 24-cv-259-wmc

RYAN WILLIAM MILBECK,

                            Defendant.

---

Ryan Milbeck seeks to remove this child support dispute from state court in response to the Marathon County Child Support Agency's efforts to collect over $2,000 in overdue payments.[1] (Dkt. #1-2, at 1.) Presently before the court are Marathon County's motions to remand this case (dkt. #5) and for sanctions against Milbeck (dkt. #11). Because removal was untimely, the court must remand this case back to state court. Even if removal had been timely, however, the court would also lack jurisdiction over this domestic dispute. Accordingly, Milbeck's emergency motions for declaratory relief (dkt. #2), to strike plaintiff's motion to remand (dkt. #7 and dkt. #10), for judicial notice (dkt. #13 and dkt. #14), and for a temporary restraining order (dkt. #15) are all rendered moot. Though it presents a closer question, the court will also deny plaintiff's motion for sanctions. Of course, both sides may pursue at least some of those motions in state court.

---

[1] The Marathon County Child Support Agency is "not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Instead, Wisconsin's child support program is administered by the Wisconsin Department of Children and Families, with the cooperation of the counties. *State ex rel. Jeske v. Jeske*, 144 Wis. 2d 364, 368-69, 424 N.W.2d 196 (1988) (referencing predecessor state agency). Counsel for Marathon County has appeared on the child support agency's behalf in this case.

OPINION

## I. Motion to Remand

The federal removal statute, 28 U.S.C. § 1446(b), requires that the notice of removal of a state court civil action or proceeding must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-73 (7th Cir. 1982); 28 U.S.C. § 1446(b)(1). Alternatively, removal may be timely where it is noticed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Milbeck's removal must be remanded under both provisions.

### A. Timeliness

To begin, Milbeck removed this case over *four years* after it was initially filed rendering it untimely under § 1446(b). Although an exhibit attached to the notice of removal contains an order to show cause in *In re Marriage of Milbeck*, Marathon County Case No. 2020FA000227, dated March 13, 2024 (dkt. #1-1),[2] Marathon County also points the court to publicly available court records showing that the case involving Milbeck's divorce proceedings began on July 1, 2020, and that Milbeck's spouse filed a

---

[2] Milbeck previously filed suit in this court against Judge Louis J. Molepske Jr., the state court judge presiding over his divorce, contending that he acted without jurisdiction and violated Milbeck's constitutional right to due process by granting his wife's motion for sole custody without evidence that their child had been abused or was in imminent danger, as well as before Milbeck had notice and an opportunity to respond. *Milbeck v. Molepske*, No. 23-cv-206-wmc, 2023 WL 2838135 (W.D. Wis. Apr. 7, 2023). Milbeck's case was dismissed with prejudice because of Judge Molepske's absolute judicial immunity. *Id.* at *1.

2

response and counterclaim on July 7, 2020.[3] (Dkt. #5 and Dkt. #6-4.) Because the court is entitled to take judicial notice of those records, there is no question that defendant's notice of removal was filed more than 30 days after receipt of the initial pleading in the state court case. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).[4]

### B. Lack of Subject Matter Jurisdiction

Even if Milbeck were correct that he only received an order rendering his case removable to federal court in April of 2024 under § 1446(b), the court lacks subject matter jurisdiction to hear it and remand is still required. Federal courts cannot adjudicate claims concerning the imposition and collection of child support obligations falling within the area of family or domestic relations. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.")); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state

---

[3] Neither party has explained the procedural history of the underlying state court action in any detail. Though the county contends Milbeck initiated the underlying divorce suit himself, there also appear to be counterclaims filed shortly thereafter. (Dkt. #5, at 2 and Dkt. #6-4, at 74.) While the county is correct that a plaintiff who initiates a case in state court lacks a statutory right to remove an action to federal court and likely waived any entitlement to removal during the four-year pendency of this state court case, the court will assume -- for purposes of these motions only -- that Milbeck could have removed his case, at least in theory. However, for the reasons discussed in this opinion, the court *still* lacks jurisdiction.

[4] But for Milbeck's representation that he was not served with the March 13 order to show cause that first triggered his right to removal until April 5, 2024 (dkt. #8, at 1-2), Milbeck's April 19 notice of removal would still be untimely.

3

concern."). Similarly, unless a substantial federal question "transcends or exists apart from" a dispute involving family law or domestic relations, federal courts typically must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (abrogated on other grounds by *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)).

Nevertheless, Milbeck argues that subject matter jurisdiction exists under three federal statutes or treaties: the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604; the Hague Convention; and Title IV of the Social Security Act, 42 U.S.C. § 660. He also argues that subject matter jurisdiction is proper under 28 U.S.C. § 1332 because he is a "natural born Citizen of the [U]nited [S]tates of America . . . which is distinguished from a 14th [A]mendment native or naturalized citizen, and therefore is not subject to the jurisdiction of [C]ongress." (Dkt. #1, at 1 and Dkt. #8, at 13.) None of these federal laws are in any way available to him.

To begin, despite Milbeck's efforts to make this case about international treaty rights or foreign sovereign immunity, he does not allege facts suggesting even a remotely plausible basis for the existence of a substantial federal question separate from his alleged obligation to make child support payments before the state court. As for his underlying assertion that he is somehow different from his fellow American citizens for purposes of those federal laws, much less for purpose of an assertion of diversity jurisdiction, that argument has been soundly and repeatedly rejected by the U.S. Supreme Court. *See Luria v. United States*, 231 U.S. 9, 22 (1913) (collecting cases).

Finally, Milbeck's reliance on Title IV of the Social Security Act is wholly mistaken. That statute -- also known as the Child Support Enforcement Act -- only provides that the

4

"district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." 42 U.S.C. § 660. Moreover, the Supreme Court has held that this section of the Social Security Act does not "give rise to individual rights." *Blessing v. Freestone*, 520 U.S. 329, 343–44 (1997) ("Title IV-D [of the Social Security Act, 42 U.S.C. §§ 651-669(b)] contains no private remedy -- either judicial or administrative -- through which aggrieved persons can seek redress."). None of Milbeck's allegations establish that he has an enforceable right under this provision of the Social Security Act. Instead, his claims, such as they are, arise directly out of child support obligations. Because Milbeck fails to show that removal was timely and, even more importantly, that federal jurisdiction exists, therefore, the court must remand this case back to the Circuit Court for Marathon County.

## II.     Remaining Motions

For the same reasons, Milbeck's emergency motion for declaratory relief (dkt. #2), motions to strike plaintiff's motion to remand (dkt. #7 and dkt. #10), motions for judicial notice (dkt. #13 and dkt. #14), and motion for a temporary restraining order (dkt. #15) are moot before this court. This just leaves Marathon County's pending motion for sanctions under Federal Rule of Civil Procedure 11(c), because of what it describes as Milbeck's "frivolous" claims rooted in theories of individual sovereignty and his intent to cause "unnecessary delays" in the underlying state court action. (Dkt. #11, at 1.) Milbeck counters that he is not a so-called "sovereign citizen[,]" and any attempts to describe him as such are defamatory and untrue. (Dkt. #12, at 3.)

5

Rule 11 permits the imposition of sanctions when an unrepresented party has "present[ed] to the court a pleading, written motion, or other paper" that does not comply with the requirements of Fed. R. Civ. P. 11(b). Even where removal is inappropriate and a court lacks subject matter jurisdiction over the case, a district court may impose Rule 11 sanctions. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("The interest in having rules of procedure obeyed . . . does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction.").[5]

Milbeck's arguments that there are "two forms of government exist[ing] simultaneously, the Republic and the Democracy," as well as that he is either a "Natural born Citizen" or a "creation of [C]ongress," whose rights are being abridged by the court and the "American B.A.R. Association," *are* akin to arguments commonly made by so-called "sovereign citizens," which have been rejected repeatedly by courts as frivolous and a waste of court resources. *E.g., McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting plaintiff's argument that he was outside the laws or authority of Illinois); *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (suit to enjoin state and county officials from taxing real estate based on plaintiff's alleged Moorish origin was frivolous); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-

---

[5] Where Rule 11 sanctions are unavailable, the district court may also impose sanctions under its inherent authority where a party has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). However, the imposition of sanctions on the basis of the court's inherent power "is to be undertaken with great circumspection," *United States v. Fidelity and Deposit Co. of Maryland*, 986 F.2d 1110, 1120 (7th Cir. 1993), not yet justified here.

and-blood human being,' that person is not beyond the jurisdiction of the courts.") Indeed, Milbeck's "Declaration of Sovereignty, Status and Citizenship" (dkt. #4) speaks for itself.

Despite Milbeck's insistence on advancing arguments rooted in such meritless theories, the court is not convinced that sanctions are appropriate at this juncture. Specifically, Marathon County represents that it provided Milbeck with a copy of its Rule 11 motion and a safe harbor notice through correspondence sent on April 30, 2024. (Dkt. #11-1, at 1.) However, the county has not yet made that correspondence available for review by this court. In turn, Milbeck disputes ever receiving that motion or safe harbor notice and contends that the county failed to comply with the procedural requirements imposed by Fed. R. Civ. P. 11(c)(2). (Dkt. #12, at 5.) Certainly, the record establishes that Milbeck has filed repetitious motions, including his "emergency motion for declaratory relief" (dkt. #2), his motions to strike the county's motion to remand (dkt. #7 and dkt. #10) and his motions for judicial notice (dkt. #13 and dkt. #14). Milbeck has also frivolously alluded to an interest in seeking a grand jury investigation and an arrest warrant for Marathon County's corporation counsel and the state court judge for actions surrounding the divorce proceedings. (Dkt. #2.) Given the disputed facts surrounding service of the county's Rule 11 motion and its thinly supported motion seeking sanctions, however, the court does not believe that sanctions are merited at this point.

Nevertheless, Milbeck is cautioned that any further abuse of the federal judicial system, including vexatious filings, meritless legal arguments, or *ad hominem* attacks and threats against officers of the court -- including attorneys, judges, and their staffs -- may result in the imposition of monetary sanctions, a filing bar, or other directives that would

7

"deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for remand (dkt. #5) is GRANTED.

2) The clerk of court is directed to REMAND this case to the Circuit Court for Marathon County.

3) Defendant's emergency motion for declaratory relief (dkt. #2), motions to strike plaintiff's motion to remand (dkt. #7 and dkt. #10), motions for judicial notice (dkt. #13 and dkt. #14), and motion for a temporary restraining order (dkt. #15) are deemed MOOT before this court for lack of subject matter jurisdiction.

4) Plaintiff's motion for sanctions (dkt. #11) is DENIED without prejudice to renewing it if defendant files any further pleadings or motions that are deemed abusive.

Entered this 25th day of July, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge